Amy L. B. Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CORI HILL**, | ) **Case No.:** |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR DAMAGES** |
| **MIDLAND CREDIT MANAGEMENT,** | ) **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| Defendant. | ) **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** |
| | ) **JURY TRIAL DEMANDED** |

**COMPLAINT**

CORI HILL ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Los Angeles, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA

92123.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. The alleged debt originated from an alleged personal loan and arose out of transactions which were primarily for personal, family, or household purposes.

12. Within the one year period preceding the filing of this Complaint and continuing thereafter, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's cellular and landline telephones in its attempts to collect a debt.

13. Defendant's harassing debt collection calls derived from numbers including, 866-580-4780. The undersigned has confirmed that this number belongs to the Defendant.

14. When the calls first began, Plaintiff told Defendant that she was unable to make payments, explained her financial situation, and told Defendant to stop calling.

15. Defendant heard and acknowledged her request by responding that Plaintiff "needed to borrow money from family members."

16. Thereafter, Defendant ignored Plaintiff's request that calls cease and continued to call her through June 2016.

17. Once Defendant was aware that its calls were unwanted, any further calls could only have been for the purpose of harassment.

18. Plaintiff repeatedly told Defendant that she was unable to make payments and to stop calling her throughout 2016.

19. During its calls to Plaintiff, Defendant threatened to obtain a lien on Plaintiff's property if the debt was not paid.

20. Upon information and belief, Defendant did not intend to take such action against Plaintiff.

21. Defendant also contacted Plaintiff's employer on multiple occasions in order to locate her without her permission.

22. These calls were highly embarrassing to Plaintiff.

23. These calls were also unnecessary as Defendant already possessed Plaintiff's contact information.

24. Plaintiff ultimately had to block calls from Defendant's number after her repeated requests to stop the calls were ignored.

25. Defendant's actions as described herein were made with the intent to harass, deceive and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously, and when it continued to call Plaintiff even after she informed Defendant that she wanted the calls to stop.

**COUNT II**

**DEFENDANT VIOLATED §§1692e, 1692e(5), and 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Section § 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or is not intended to be taken.

31. Section § 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. Defendant violated §§1692e, 1692e(5), and 1692e(10) of the FDCPA by threatening to put a lien on Plaintiff's property without the intent to take such action.

## COUNT III
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

34. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, CORI HILL, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

g. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CORI HILL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 6/10/16

KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. B. Ginsburg

Amy L. B. Ginsburg(275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff